RUTH ELIN AUERBACH, SBN 104191
Attorney at Law
77 Van Ness Avenue, Suite 201
San Francisco, CA 94102
Tel: (415) 673-0560
Fax: (415) 673-0562
e-mail: attorneyruth@sbcglobal.net

Attorney for Plaintiff/Debtor,
KEYHAN MOHANNA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>KEYHAN MOHANNA,<br><br>              Debtor.<br>_____<br><br>KEYHAN MOHANNA,<br><br>              Plaintiff,<br>Vs.<br><br>VENTURES TRUST 2013-I-H-R BY MCM CAPITAL PARTNERS, LLC, ITS TRUSTEE; BSI FINANCIAL SERVICES<br><br>              Defendants.<br>_____ | Case No. 166-30388 HLB<br><br>Chapter 11<br><br>Adversary Proceeding No.<br><br>**MOTION FOR ORDER RE-IMPOSING STAY, TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br>(11 U.S.C. §544(a); 11 U.S.C. §105 F.R.Bank.P. Rule 7065)<br><br>**Date: September 21, 2016<br>Time: 2:30 P.M.<br>Courtroom: 19, 16th Floor<br>Hon. Hannah L. Blumenstiel** |

      KEYHAN MOHANNA ("Plaintiff" or "Debtor") hereby moves this Court for a Temporary Restraining Order and a Preliminary Injunction against Defendants VENTURES TRUST 2013-I-H-R BY MCM CAPITAL PARTNERS, LLC, ITS TRUSTEE; and BSI FINANCIAL SERVICES, its servicer ("Defendants") reimposing the automatic stay and enjoining defendants from taking any action to enforce their lien rights with respect to the

MOTION FOR TRO AND PRELIMINARY INJUNCTION

Deed of Trust against the Debtor's property at 1405 Greenwich Street, Unit 2, San Francisco, California, based upon the following:

1. On or about August 18, 2005, Plaintiff obtained a loan from Countrywide Home Loans, Inc. ("Countrywide") in the amount of $704,000, which was secured by a first position deed of trust against property of the Debtor commonly described as 1405 Greenwich Street, Unit #2, San Francisco, California, 94109, APN 0523-051 ("the Subject Property"), which deed of trust was recorded in the Official Records of the City & County of San Francisco, Instrument No. 2005-I019424-00 ("Deed of Trust"). Countrywide was subsequently acquired by Bank of America, N.A. Plaintiff is informed and believes and on that basis alleges that on or about November 17, 2014, Bank of America assigned the deed of trust to VENTURES. BSI has been acting as agent and servicer of the loan for VENTURES

2. The Debtor made regular payments on the Note until approximately March 2009 when he became aware that there had been violations of Federal and State Law by the lenders in connection with this and other loan transactions involving the Debtor's property.

3. After being unable to obtain any decision from Wells Fargo, Chase and Bank of America after years of negotiation with respect to loan modification on various units at 1405 Greenwich Street, Debtor was forced to file for Bankruptcy on March 1, 2010.

4. Debtor diligently continued efforts to modify and get approval on his Reorganization Plan which would have allowed him to retain the property.

Neither Bank of America nor Wells Fargo objected to the Plan, but HSBC did, and ultimately the case was converted to Chapter 7.

5. In May or June of 2012, the Chapter 7 Trustee abandoned the Property back to the Debtor.

6. Debtor remained in daily contact with Bank of America, supplying the CEO Brian Moynihan's office & his escalation team, and their in-house counsel, with hundreds of documents. There was consistent communication between Debtor and Bank of America, and after lengthy review of the documents provided Bank of America, agreed to cancel all five loans on 1405 Greenwich Street, San Francisco.

7. Among the debts Bank of America agreed to forgive is the debt which is the subject of this Complaint. The Bank issued to the Debtor a 1099C evidencing the loan forgiveness. However, before the paperwork could be completed, Bank of America sold or otherwise transferred this debt to VENTURES, and BSI became the loan servicer.

8. From the time of the issuance of the 1099C until the filing of this bankruptcy case, neither Bank of America nor Ventures nor BSI undertook any action to enforce payment of the note. Since the filing of this Bankruptcy case, Ventures and/or BSI have repeatedly asserted that they have a secured claim against the Property.

9. The sale of the property would generate sufficient funds to pay all claims, if they are determined to be valid, and provide equity for the Debtor to obtain a fresh start.

10. The activities of creditors seeking to foreclose and otherwise assert claims against the Debtor and the Property are significantly hindering the Debtor's ability to reorganize and sell the Property. Requiring the Debtor to defend

actions in numerous venues and jurisdictions goes against the overarching purposes of the Bankruptcy code, i.e., the orderly distribution and payment to creditors holding valid allowed claims against the estate.

11. The Debtor, as well as junior lienholders and unsecured creditors, will suffer irreparable harm unless this Court re-imposes the stay with respect to the Debtor and the property of the estate and/or grants the debtor a preliminary and permanent injunction preventing Plaintiff from proceeding with further action to assert any purported lien rights until this Court has an opportunity to determine the validity of the various liens, including this one, of record against The Property.

WHEREFORE, Plaintiff requests that this Court enter an order as follows:

1. Temporarily restraining Defendants from pursuing their lien rights other than through the Bankruptcy Court;

2. For an order under 11 U.S.C. §105 re-imposing the automatic stay;

3. For an order under 11 U.S.C. §105 and Rule 7065 of the Federal Rules of Bankruptcy Procedure, preliminarily and permanently enjoining Defendants from enforcing any lien rights against the Subject Property; and

4. For such other and further order as the Court deems proper.

Dated: September 15, 2016          LAW OFFICE OF RUTH AUERBACH

                                   By:___/s/ Ruth Elin Auerbach_____
                                   RUTH ELIN AUERBACH, Attorney for
                                   Plaintiff, KEYHAN MOHANNAMOHANNA

MOTION FOR TRO AND PRELIMINARY INJUNCTION
Case: 16-03087    Doc# 2    Filed: 09/16/16    4    Entered: 09/16/16 13:52:25    Page 4 of 4