ZIEVE, BRODNAX & STEELE, LLP
John C. Steele, Bar No. 179875
Ryan M. Davies, Bar No. 192598
30 Corporate Park, Suite 450
Irvine, CA 92606
Telephone: (714) 848-7920
Fax: (714) 908-2615

Attorneys for Defendants, BSI Financial Services and
Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC Its Trustee

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>KEYHAN MOHANNA,<br><br>Debtor. | Bankruptcy Case No: 3:16-bk-30388<br><br>Adv. Proceeding No.: 3:16-ap-03087<br><br>Chapter 11 |
| KEYHAN MOHANNA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VENTURES TRUST 2013-I-H-R BY MCM CAPITAL PARTNERS, LLC, ITS TRUSTEE; BSI FINANCIAL SERVICES;<br><br>Defendants. | *Assigned for All Purposes to:*<br>Hon. Hannah L. Blumenstiel<br>Courtroom 19<br><br>**JOINT STATUS CONFERENCE STATEMENT AND DISCOVERY PLAN**<br><br>Status Conference<br>Date: January 17, 2017 |

Debtor/Plaintiff KEYHAN MOHANNA and Defendants VENTURES TRUST 2013-I-H-R BY MCM CAPITAL PARTNERS, LLC, its TRUSTEE (“VENTURES”) and SERVIS ONE, Inc., dba BSI FINANCIAL SERVICES (erroneously sued as “BSI Financial Services”), (hereafter “BSI”), hereby submit their Joint Status Conference Statement and Discovery Plan as required by

Federal Rule of Bankruptcy Procedure 7026.

## I. NATURE OF DISPUTE AND CONTENTIONS OF PARTIES

Counsel for Plaintiff and Defendants have conferred and believe that the ultimate determination of this case revolves around a single issue. The claim at issue is a Promissory Note and Deed of Trust in connection with one residential unit in a multi-unit building owned by Debtor/Plaintiff. Specifically, Debtor/Plaintiff claims that a prior holder of the note and deed of trust in connection with real property owned by Debtor/Plaintiff has entirely "forgiven" and waived the balance of a loan taken out by Debtor/Plaintiff in 2005.

Defendants are the current loan servicer and the current holder of the beneficial interest in the Note and Deed of Trust. Debtor/Plaintiff contends that the forgiveness of debt was made by a prior holder of the Note, specifically Bank of America. Accordingly there is no documentation of such forgiveness generated by the current Defendants. Defendants contend that given the size of the loan amount, it is likely that a compromise of this nature would have been documented by the lender who made the concession. Discovery and trial are expected to revolve around Plaintiff's documentation of such compromise.

## II. STATUS OF PLEADINGS

All parties have been served and have appeared in the action. There are no pending motions challenging the pleadings, and none are contemplated.

## III. TIMING OF INITIAL DISCLOSURES.

The parties have agreed to exchange initial disclosures within 14 days of the date this discovery plan is executed. Based on discussions between counsel, there was voluminous communications between the Debtor/Plaintiff and the prior loan servicers, particularly Bank of America, and it is taking counsel for the Debtor/Plaintiff some time to acquire these documents from Debtor. Defendants have extensive documents that were provided from loan files of prior servicers, but because the current Defendants were not involved in such correspondence, they are

unable to verify that they have access to all relevant documents. Both parties may need to independently subpoena documents from Bank of America or other prior servicers.

IV. PROPOSED DISCOVERY PLAN

A. Counsel have conferred, and propose the Initial Disclosures be made on or before January 20, 2017.

B. Subjects on which discovery may be needed: As stated above, discovery will revolve around the documentation of Debtor/Plaintiff's contention that a prior loan servicer forgave all indebtedness of Debtor/Plaintiff as it relates to the real property subject of such indebtedness. The only complicating factor is that such evidence may be in the possession of a third party entity.

C. The parties do not anticipate any issues with electronic information. Documents can be printed and reproduced in scanned form with Bates numbers, and/or in hard copy with Bates numbers.

D. Privilege: The parties can challenge claims of privilege via motions to compel production or further responses. Additionally, such issues can be addressed at a trial readiness conference.

E. Limitation on Scope of Discovery: Defendants request that the Court limit discovery to issues relating to the alleged forgiveness of Debtor/Plaintiff's mortgage debt by any holders/servicers of such loan, and to not allow discovery relating to loan origination, securitization, transfer, possession of original documents, predatory lending, or any other theory by which Debtor/Plaintiff might contend that the mortgage loan is unenforceable. Defendants assert it would be counter-productive to revisit well settled aspects of California law regarding enforceability of mortgage debt generally. Plaintiffs do not agree to any such limits at this time.

F. The parties do not propose that the Court alter any provisions of F.R.C.P 26(c) relating to protective orders.


Case: 16-03087 Doc# 23 Filed: 01/10/17 Entered: 01/10/17 16:54:45 Page 3 of 6

V. PROPOSED DEADLINES.

The Parties proposed the following deadlines for discovery following the initial disclosures.

Discovery Cut-Off: 120 days from January 17, 2017 status conference.

Trial Date: 210 days from January 17, 2017 status conference.

Dispositive Motions: Filed within 45 days after discovery cut-off.

Pre-Trial Conference: 15-30 days before trial date.

Pre-Trial Disclosures: 30 days before trial.

VI. TRIAL TIME.

A. The parties anticipate that this trial can be concluded in two days or less.

B. Debtor/Plaintiff intends to call 2-3 witnesses for direct testimony. Defendants anticipate calling 2-3 witnesses for direct testimony in addition to Plaintiff himself.

C. At this time neither Plaintiff nor Defendants can anticipate the number of exhibits they plan to use due to the extensive correspondence between Debtor/Plaintiff and his loan servicers and related parties. Until such documentation is reviewed, an estimate of trial exhibits is premature.

VII. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION.

The Parties have not yet discussed settlement, but believe that mediation may be helpful depending on the scope of the issues in dispute.

DATED: January _10_, 2017

ZIEVE, BRODNAX & STEELE, LLP

By: /s/ Ryan M. Davies
JOHN C. STEELE, ESQ.
RYAN M. DAVIES
Attorneys for BSI Financial Services and Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC It's Trustee

DATED: January _9_, 2017

THE LAW OFFICES OF RUTH ELIN AUERBACH

By: ___/s/ Ruth Elin Auerbach____________
RUTH ELIN AUERBACH, ESQ.
Attorney For Debtor/Plaintiff



Case: 16-03087 Doc# 23 Filed: 01/10/17 Entered: 01/10/17 16:54:45 Page 5 of 6

## PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by Zieve, Brodnax & Steele, LLP, whose business address is: 30 Corporate Park, Suite 450, Irvine, CA 92606.

On January 10, 2017, I served the within document(s) described as:

on the interested parties in this action:

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Ruth Elin Auerbach<br>L/O of Ruth Elin Auerbach<br>77 Van Ness Ave. #201<br>San Francisco, CA 94102 | Tel: (415) 673-0560<br>Fax: (415) 673-0562<br><br>attorneyruth@sbcglobal.net | *Attorneys for Plaintiff Keyhan Mohanna* |

☒ **CM/ECF** (U.S. Bankruptcy Court, Northern District of California, Electronic Case Filing Procedures § 10)—Whenever a pleading, document or court order is filed electronically in accordance with ECF Procedures, the system will automatically generate the Notification of Electronic Filing, which will be emailed to all Registered Participants who have consented to electronic service and have appeared in the case or adversary proceeding in which the document is filed. This transmission of the Notification of Electronic Filing to a Registered Participant shall constitute effective service in accordance with B.L.R. 9013-3(c) and 9022-1(b). All parties who are not registered, if any, were served via U.S. Mail.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 10, 2017, at Irvine, California.

*/s/ Michele Dapello*
MICHELE DAPELLO